Jerome POLLARD, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53553.

Missouri Court of Appeals, Eastern District, Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied July 26, 1988.

Ilene A. Goodman, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant pled guilty to one count of first-degree burglary, two counts of first-degree robbery, three counts of armed criminal action, one count of attempted first-degree robbery, and one count of stealing less than $150. He was sentenced to concurrent terms of imprisonment for a total of 20 years.[1]

Movant filed a pro se Rule 27.26 motion which was amended twice following appointment of counsel. Movant alleged that his guilty pleas were rendered involuntary because of the ineffectiveness of his trial counsel. Among his factual allegations, movant claimed he was unaware he had eight charges filed against him; his trial counsel did not explain the facts and circumstances of the charges in a way he could understand; counsel saw him only twice before he entered his pleas; counsel did not furnish him with copies of his police reports until after he pled guilty; and counsel coerced him into pleading guilty by telling him his punishment would be more severe if he did not plead guilty, by whispering in his ear at the plea proceeding how he should answer the judge's questions, and by instructing him that he should tell the judge he did not want a trial and not to tell the judge that he did not understand what was going on.

At the motion hearing, movant presented the testimony of six witnesses: himself; his original trial counsel; his second trial attorney, the one against whom his complaints are lodged; a chaplain at the city jail and workhouse; a correctional counselor at the city workhouse; and movant's foster brother. Movant's testimony was contradicted by testimony from other witnesses. The motion court denied relief to movant and entered findings of fact and conclusions of law. Included among the court's findings were these:

Having had an opportunity to observe the witnesses, this Court does not believe the testimony of the Movant to the extent that it disagrees with any of the testimony of [the two attorneys and the chaplain].

This Court has reviewed the Movant's motions for relief and finds allegations raised therein to be totally refuted by the transcript of Movant's pleas of guilty and the testimony of [the two attorneys and the chaplain].

On appeal, movant contends the motion court erred in finding his guilty pleas were voluntary, that he understood the nature and consequences of a guilty plea, and that he had received effective assistance of counsel because

counsel never discussed [movant's] eight charges with him, or the facts and circumstances surrounding those charges, nor was [movant] furnished with copies of his police reports until he was incarcerated in the Missouri Training Center for Men after he was sentenced, and counsel coerced [movant's] pleas by threatening him he would receive fifty or one hundred years if he went to trial, instructed [movant] to tell the court that he did not want a trial and to tell the court he understood when in reality he did not....

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the

---

1. Movant received the following concurrent sentences:
  Count I, first-degree burglary: 15 years;
  Count II, first-degree robbery: 20 years;
  Count III, first-degree robbery: 20 years;
  Count IV, armed criminal action: 20 years;
  Count V, armed criminal action: 20 years;
  Count VI, attempted first-degree robbery: 15 years;
  Count VII, armed criminal action: 20 years;
  Count VIII, stealing less than $150: 1 year.

382

voluntariness of the plea. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987).

There was testimony at the motion hearing that contradicted all of movant's testimony on matters relevant to his allegations of error on appeal. The motion court stated it did not believe movant's version of the facts. We have reviewed the record and believe the findings, conclusions, and judgment of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.